# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50375
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Manuel Camilo Ordonez-Mendoza,

*Defendant—Appellant*,

consolidated with

---

No. 22-50399
Summary Calendar

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Manuel Ordonez-Mendoza,

*Defendant—Appellant*.

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-1045-1
USDC No. 4:22-CR-2-1

---

No. 22-50375
c/w No. 22-50399

Before Smith, Southwick, and Douglas, *Circuit Judges.*

Per Curiam:[*]

Manuel Ordonez-Mendoza appeals his sentence for illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2) and appeals the revocation of the term of supervised release he was serving at the time of the offense. Regarding the former, Ordonez-Mendoza contends that the enhancement of his sentence per § 1326(b) is unconstitutional because the fact of a prior conviction was not charged and proven beyond a reasonable doubt. Because Ordonez-Mendoza does not address the revocation or the revocation sentence, he has abandoned any challenge to them. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

Ordonez-Mendoza has filed an unopposed motion for summary disposition and a letter brief explaining that he raises this issue only to preserve it for further review, correctly conceding it to be foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019).

Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Ordonez-Mendoza's motion is GRANTED, and the judgments are AFFIRMED.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.